UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TYSON CHRISTOPHER BIVINS,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent*. | Nos.: 3:09-CR-013-TAV-HBG-1<br>3:11-CV-369-TAV-HBG |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Tyson Christopher Bivins ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. Petitioner has also filed two supplements to his § 2255 motion as well as a motion to amend the § 2255 motion. For the reasons stated below, the motion to amend [Doc. 41] will be **DENIED**, the § 2255 motion will be **DENIED**, and this action will be **DISMISSED**.

**I. Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of

due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner was charged in an 11-count indictment for four counts of distribution of cocaine base, six counts of distribution of five grams or more of cocaine base, and one count of possession with intent to distribute cocaine hydrochloride. [Doc. 6[1], Indictment]. Pursuant to a plea agreement, petitioner pleaded guilty to three counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and the government agreed to dismiss the remaining charges. By judgment entered August 27, 2010, he was sentenced as a career offender to concurrent terms of imprisonment of 180 months. [Doc. 25, Judgment].

Because of a prior felony drug conviction and the amount of cocaine base to which he pled, petitioner was facing a mandatory minimum sentence of ten years to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B). He was determined to be a career

---

[1] All citations to the record refer to the docket sheet in Criminal Action No. 3:09-cr-13.

offender within the meaning of U.S.S.G. § 4B1.1, however, based upon the prior felony drug conviction as well as a prior conviction for facilitation of second degree murder. [Presentence Investigation Report, pp. 12-13, ¶¶ 44 & 45]. As a result of his status as a career offender, petitioner's base offense level went from 30 to 37; petitioner received the three-level reduction for acceptance of responsibility, which resulted in a total offense level of 34. [*Id*. at 9, ¶¶ 28-36]. Because of his career offender status, petitioner's criminal history category was enhanced from III to VI. [*Id*. at 13, ¶ 48]. With a total offense level of 34 and a criminal history category of VI, petitioner's advisory guideline sentence range was 262 to 327 months. [*Id*. at 19, ¶ 80]. The government moved for a downward departure from the advisory guideline range, citing petitioner's substantial assistance. [Doc. 23, Under Seal]. The Court granted the motion for downward departure and sentenced petitioner to 180 months imprisonment. [Doc. 24, Minute Entry].

Petitioner did not file a direct appeal. In support of his § 2255 motion to vacate sentence, petitioner alleges the following: (1) his right to due process was violated because he was not given the opportunity to be present during the selection of the grand jury; and (2) he received the ineffective assistance of counsel. In a supplement to his § 2255 motion, petitioner alleges he is entitled to a reduction of his sentence pursuant to the Fair Sentencing Act of 2010. In a second supplement to his § 2255 motion, petitioner alleges that the United States Attorney failed to file a notice of enhanced sentencing pursuant to 21 U.S.C. § 851. In his motion to amend the § 2255 motion, petitioner seeks

3

to state a claim under *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *vacated and rehearing en banc granted* (July 11, 2013).

## III. Discussion

### A. Due Process - Grand Jury Selection

Petitioner alleges that he should have been given the opportunity to be present during the selection of the grand jury in order to determine whether the members of the grand jury were lawfully drawn and legally qualified. Because he was not given that opportunity, he claims the indictment against him violated his right to due process.

Petitioner does not cite any case law to support this claim and the Court is not aware of any such law. To the contrary, petitioner's presence during the selection of the grand jury would compromise the validity of grand jury proceedings, because "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Petitioner is not entitled to relief on this claim.

### B. Assistance of Counsel

Petitioner alleges that he received the ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

4

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges counsel failed to advise him of the likelihood that he would be classified as a career offender and would receive a sentence of 180 months, instead of the mandatory minimum ten years. According to petitioner, he pleaded guilty because he

5

was under the impression he would receive "the promised mandatory 10 year prison term." [Doc. 27, Motion to Vacate Sentence, p. 6(a)].

Petitioner's plea agreement specifically provided:

> No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

[Doc. 18, Plea Agreement, pp. 5-6, ¶11].

In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Doc. 30, Transcript of Change of Plea]. As part of that colloquy, the Court determined that petitioner understood his sentence would be determined by the Court after referring to the presentence report, the applicable sentencing guidelines, and the appropriate sentencing factors. [*Id*. at 14]. Petitioner was advised that his sentence could be increased based on his prior convictions. [*Id*. at 13]. Petitioner was specifically asked whether any person had promised or suggested he would receive a lighter sentence by pleading guilty; he answered "No, sir." [*Id*. at 8].

It is well-settled that where a Court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's

6

inquiry."' *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Petitioner cannot now claim that he was promised a ten-year sentence when the record indicates otherwise. Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

### C. Fair Sentencing Act

Petitioner alleges he is entitled to a reduction of his sentence based upon a retroactive application of the Fair Sentencing Act (FSA) of 2010, which lowered the statutory penalties for crack cocaine offenses. In support of that argument, he relies on *Dorsey v. United States*, 132 S.Ct. 2321 (2012), which held that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Id*. at 2335.

Petitioner's advisory guideline range was the result of his status as a career offender and was not based upon the amount of drugs. Therefore, the FSA does not afford him any relief. *See, e.g., United States v. Thompson*, 714 F.3d 946, 949-50 (6th Cir. 2013) (defendant convicted upon a guilty plea for possession of crack cocaine with intent to distribute was not eligible for reduction of his 120-month prison sentence based on subsequent amendments to sentencing guidelines that reduced ratio for crack versus powder cocaine, where defendant's sentence was not based on the crack cocaine

7

guidelines, but instead was based on the career offender guideline and a downward variance from that guideline range based on the statutory sentencing factors).

In his motion to amend, petitioner refers the Court to *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *vacated and rehearing en banc granted* (July 11, 2013), in which a panel for the Sixth Circuit concluded that the FSA should be applied retroactively to defendants such as petitioner whose sentence had already become final prior to the effective date of the Act. As noted, however, that decision was vacated. On rehearing en banc, the Sixth Circuit held that the FSA does not apply retroactively to defendants who were sentenced prior to the Act's effective date. *See United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. Dec. 3, 2013). *Blewett* does not apply to petitioner's situation, and his motion to amend will be denied.

### D.     21 U.S.C. § 851

Petitioner claims his career offender status should be set aside based upon the United States Attorney's failure to file the information required in 21 U.S.C. § 851(1), which states in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Petitioner's sentence was enhanced under the sentencing guidelines and thus the government was not required to file an information pursuant to 21 U.S.C. § 851. *See United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) ("the requirements of §

8

851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines").

To the extent petitioner was facing a statutory mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(B), his plea agreement clearly stated as follows:

> The defendant will plead guilty to Counts Eight, Nine and Ten in the Indictment, each of which charge distribution of five (5) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).
>
> The punishment for each of these offenses is as follows. Because the defendant was previously convicted of a felony drug trafficking crime on April 15, 1999, in the Criminal Court for Knox County, Tennessee, Case Number 62489, the punishment is enhanced pursuant to § 21 U.S.C. § 851, which results in a mandatory minimum term of imprisonment of ten (10) years and up to life in prison, a fine of up to $4,000,000, a term of supervised release of at least eight (8) years and up to life, any applicable forfeiture, any lawful restitution, and a $100 mandatory special assessment.

[Doc. 18, Plea Agreement, p. 1, ¶1(a)].

By signing the guilty plea, petitioner was put on notice of his prior conviction. *See Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003) (petitioner waived right to challenge prior conviction used for sentence enhancement where "plea agreement and plea colloquy both plainly indicated that [petitioner] had been notified of the enhancement"). Petitioner is not entitled to relief on this claim.

## IV. Conclusion

Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be

9

taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                              s/ Thomas A. Varlan
                              CHIEF UNITED STATES DISTRICT JUDGE